UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | No. | 07 CR 799 |
| | ) | | 04 GJ 1046 |
| v. | ) | | |
| | ) | | |
| JU WEN ZHOU, a/k/a "Goi", | ) | Acting Chief Judge |
| KENNETH QUOC LUONG, a/k/a "Kenny" | ) | Robert W. Gettleman |
| YVONNE LAW | ) | | |
| SU JUNG CHEN, a/k/a "Tina" | ) | | |
| SUSAN CHEN, a/k/a "Sue" | ) | | |
| THOMAS MAN LUNG LO, a/k/a "Tommy Lo" | ) | | |
| YONG OUYANG, a/k/a "Alun" | ) | | |
| LI XIEN WU, a/k/a "Ray" | ) | | |
| SEJIN OH, a/k/a "Lee" | ) | | |
| JONG KYUN CHAE, a/k/a "Big John" | ) | | |
| CARLO PANADERO, a/k/a "Chito" and "Ted" | ) | | |
| CARLOS PANADERO JR., a/k/a "CJ" | ) | | |
| JUNG BAE, a/k/a "John" | ) | | |
| MELVIN DUMANLANG | ) | | |
| ANDREW SO | ) | | |
| HENRY CHUN | ) | | |
| MICHAEL CRUZ | ) | | |
| ROBERTO VALDEZ | ) | | |
| MICHAEL MYINT | ) | | |
| JORGE HUERTA | ) | | |
| JOAHAN TRUJILLO | ) | | |

### GOVERNMENT'S FIRST MOTION FOR AN EXTENSION OF TIME TO RETURN INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, United States Attorney for the Northern District of Illinois, respectfully moves this Court, pursuant to 18 U.S.C. § 3161(h)(8), for a 45-day extension of time, to and including February 19, 2008, in which to seek the return of an indictment against the defendants, for the following reasons:

1.      This case was initiated on December 5, 2007, through the filing of a one-count criminal complaint ("Complaint") charging the 21 named defendants with the offense of conspiring to knowingly and intentionally distribute and possess with intent to distribute controlled substances, namely, more than 500 grams of mixtures containing a detectable amount of methamphetamine, a Schedule II controlled substance, quantities of 3,4-methylenedioxymethamphetamine (commonly known as "Ecstasy" or "MDMA"), a Schedule I controlled substance, and 100 kilograms or more of mixtures containing marijuana, a Schedule I controlled substance, all in violation of Title 21, United States Code, Section 846.  The Complaint was accompanied by a non-exhaustive 148-page affidavit setting forth the evidence establishing probable cause to support the Complaint.

2.      As the Complaint recites, between no later than in or about December 2003 through and including June 2006, the conspiracy is alleged to have smuggled large amounts of MDMA (much of it containing a detectable amount of methamphetamine) and hydroponic marijuana from Canada to two drug trafficking crews operating in Chicago.  *See* Complaint ¶¶ 8-24.  The Complaint further identifies various other uncharged individuals as having been involved in the conspiracy.  Three individuals are identified as "cooperating defendants" because they have already negotiated a resolution of their criminal exposure with respect to the case.

3.      The extensive multi-year investigation detailed in the Complaint has resulted in the government obtaining more than 500 individual items of evidence, a large proportion of which consists of consensually recorded meetings and telephone conversations.  For example, the lead federal investigating agency, Immigration and Customs Enforcement ("ICE"), currently has in its possession more than 200 items of electronic evidence.

Additional electronic evidence is currently possessed by the DuPage County Sheriff's Office ("DPCSO"), which was the primary law enforcement partner working with ICE during the investigation. In addition to the foregoing evidence, there are approximately 450 law enforcement reports that have been prepared by ICE, DPCSO and other law enforcement agencies during the course of the investigation. Various quantities of drugs have also been seized during the course of the investigation.

4. To date, 15 of the 21 named defendants have been arrested and/or self-surrendered on the charges set forth in the Complaint. These defendants include YVONNE LAW, SUSAN CHEN, a/k/a "Sue," YONG OUYANG, a/k/a "Alun," LI XIEN WU, a/k/a "Ray," SEJIN OH, a/k/a "Lee," JONG KYUN CHAE, a/k/a "Big John," JUNG BAE, a/k/a "John," MELVIN DUMANLANG, ANDREW SO, HENRY CHUN, MICHAEL CRUZ, ROBERTO VALDEZ, MICHAEL MYINT, JORGE HUERTA and JOAHAN TRUJILLO.[1]

5. Of the 15 defendants arrested to date, all have been released on bond except for defendants YVONNE LAW, YONG OUYANG and JORGE HUERTA. Defendant YVONNE LAW is a citizen of Canada and does not have independent legal status in the United States; however, it is believed that she recently married a United States citizen. Defendant YONG OUYANG is a national of the People's Republic of China and was in removal proceedings before the Department of Homeland Security at the time of his arrest.

---

[1] Of the remaining six defendants, two defendants (THOMAS MAN LUNG LO and CARLOS PANADERO JR.) are presently in the DuPage County Detention Center facing State charges and are scheduled to appear before Magistrate Judge Nolan via a writ ad prosequendum on January 2, 2008. Three defendants (JU WEN ZHOU, KENNETH QUOC LUONG and SU CHEN) are believed to be in Canada and have not yet been apprehended. One defendant (CARLO PANADERO) is believed to be a fugitive in the Philippines.

Defendant JORGE HUERTA is a citizen of the United States.

6. Multiple factors have led to the government's request for an extension of time for the return of an indictment in this case. Those factors are stated in the Attachment hereto, which the government respectfully requests be placed under seal. The government is requesting that this Attachment be sealed so as not to compromise its ongoing investigation and so as not to reveal matters occurring before the Grand Jury.

7. Given the number of defendants involved (21 currently, with more defendants expected to be added at the time of indictment), the length of time that this investigation has been ongoing, and the additional reasons stated in the government's sealed Attachment, the thirty days available to the government pursuant to 18 U.S.C. § 3161(b), in which to file an indictment or information against a defendant based on his arrest will not be sufficient to allow the government to reasonably and fully present the case to the grand jury. The United States estimates that a 45-day extension of time from the current expiration date of January 5, 2008, through and including February 19, 2008, will be sufficient time within which to return an indictment in this matter.

8. Among the factors identified by Congress as relevant to the determination whether time should be extended for indictment are those set forth in 18 U.S.C. § 3161(h)(8)(B), which provide in relevant part:

> Whether, in a case in which arrest precedes indictment, delay in the filing of the indictment is caused because . . . the facts upon which the grand jury must base its determination are unusual or complex; [and]

> Whether the failure to grant such continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), . . . would deny counsel for . . . the government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. §§ 3161(h)(8)(B)(ii), (iv).

9.  The government respectfully submits that the 45-day continuance is warranted in this case pursuant to the foregoing provisions.  The government has been conducting a diligent and thorough investigation in this case, but the investigation currently involves 21 charged defendants, several other uncharged individuals, hundreds of pieces of evidence and case reports, and additional factors warranting an extension of time (as cited in the government's Attachment).  The government submits that, based upon those factors, the government cannot reasonably conclude its presentation of evidence to the grand jury within the time allowed under Section 3161(b) of the Speedy Trial Act as currently extended.

10.  The undersigned has spoken to counsel for 14 of the 15 defendants who have appeared in Court to date in response to the Complaint charges.  Counsel for 12 of the defendants have informed the undersigned that they do not object to the granting of the government's motion for a 45-day extension of time for the return of an indictment in this matter.  Counsel for two defendants, YONG OUYANG and JORGE HUERTA, stated that they object to the government's motion for an extension of time for the return of an indictment.  The undersigned has exchanged voice mail messages with counsel for defendant MELVIN DUMANLANG but, as of the time of this filing, has not obtained that defendant's position with regard to the motion.

11.  In addition, several of the defendants have also waived their right to a preliminary hearing.  YONG OUYANG and JORGE HUERTA are among the defendants who have not waived their right to a preliminary hearing in this matter.

WHEREFORE, the United States respectfully requests a 45-day extension of time from January 5, 2008, through and including February 19, 2008, in which to seek an indictment in this case.

        Respectfully submitted,

        PATRICK J. FITZGERALD
        United States Attorney

Dated:  December 20, 2007    By:    s/ Timothy J. Chapman
        TIMOTHY J. CHAPMAN
        Assistant United States Attorney
        219 South Dearborn Street, Room 500
        Chicago, Illinois 60604
        Phone: (312) 353-1925
        Fax: (312) 353-4324

<u>CERTIFICATE OF SERVICE</u>

The undersigned Assistant United States Attorney hereby certifies that in accordance with Federal Rules of Criminal Procedure 49 and 5, and Local Rule 5.5 and the General Order on Electronic Case Filing (ECF), the foregoing document:

<u>GOVERNMENT'S FIRST MOTION FOR AN EXTENSION OF TIME TO RETURN</u>
<u>INDICTMENT PURSUANT TO 18 U.S.C. § 3161(h)</u>

was, on December 20, 2007, served pursuant to the district court's ECF system as to all counsel for the defendants as set forth below, with the exception of defendant SUSAN CHEN, whose attorney was served by facsimile:

<u>Yvonne Law</u>
Steven R. Hunter, Esq.
Attorney at Law
820 West Jackson, Suite 310
Chicago, Illinois  60607

<u>Susan Chen ("Sue")</u>
John D. Maxwell, Esq.
Brown, Paindiris & Scott
2252 Main Street
Glastonbury, Connecticut  06033
Fax: (860) 652-4382

<u>Yong Ouyang ("Alun")</u>
Stanley L. Hill, Esq.
Yelena Dolgosheeva, Esq.
Stanley L. Hill & Associates, P.C.
651 West Washington Blvd., Suite 205
Chicago, Illinois  60661

<u>Li Xien Wu ("Ray")</u>
Ronald J. Clark, Esq.
Attorney at Law
820 West Jackson Boulevard, Suite 300
Chicago, Illinois  60607

<u>Sejin Oh</u>
Robert H. Aronson, Esq.
Attorney at Law
100 West Monroe Street, Suite 714
Chicago, Illinois  60603

John Chae ("John")
Jeffrey S. Weiner, Esq.
Weiner & Ratzan, P.C.
Two Datran Center, Suite 1910
9130 South Dadeland Boulevard
Miami, Florida 33156-7858

Jung Bae ("John")
Ross M. Eagle, Esq.
Jester, Kenworthy & Eagle
53 West Jackson Blvd., Suite 1324
Chicago, Illinois 60604

Melvin Dumanlang
Lawrence W. Levin, Esq.
Jennie H. Levin, Esq.
Law Offices of Lawrence Wolf Levin
214 West Ohio Street, 5th Floor
Chicago, Illinois 60610

Andrew So
Mark H. Kusatzky, Esq.
Attorney at Law
181 Waukegan Road, Suite 306
Northfield, Illinois 60093

Henry Chun
Ellen R. Domph, Esq.
Law Offices of Ellen R. Domph
53 West Jackson Boulevard, Suite 1544
Chicago, Illinois 60604

Michael Cruz
Standish E. Willis, Esq.
Law Office of Standish E. Willis
407 South Dearborn Street, Suite 1395
Chicago, Illinois 60605

Roberto Valdez
William O. Walters, Esq.
Attorney at Law
209 Neil Avenue
Mount Prospect, Illinois 60056

Michael Myint
Carl P. Clavelli, Esq.
Attorney at Law
321 South Plymouth Court, Suite 1500
Chicago, Illinois  60604

Jorge Huerta
Victor F. Ciardelli, Esq.
Ciardelli and Cummings
19 West Jackson Boulevard, 3rd Floor
Chicago, Illinois  60604

Joahan Trujillo
Greg T. Mitchell, Esq.
Law Office of Gregory T. Mitchell, P.C.
18141 Dixie Highway, Suite 111
Homewood, Illinois  60430

   s/ Timothy J. Chapman
TIMOTHY J. CHAPMAN
Assistant United States Attorney